IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE CINCINNATI ENQUIRER, A Division of Gannett GP Media, Inc. 312 Elm Street Cincinnati, OH  45202, | : | CASE NO. 1:23-cv-00682 |
| | : | (Judge _____) |
| Plaintiff, | : | |
| | : | |
| vs. | : | **COMPLAINT FOR VIOLATION OF FOIA -- 5 U.S.C. 552** |
| UNITED STATES DEPARTMENT OF JUSTICE, 441 G. Street, NW Washington, D.C.  20530-0001 | : | |
| | : | |
| Defendant. | : | |

## INTRODUCTION

1. This is an action to compel Defendant, the United States Department of Justice ("DOJ" or "Defendant") to comply with the Freedom of Information Act, 5 U.S.C. § 552, as amended.  Plaintiff, The Cincinnati Enquirer, seeks injunctive and other appropriate relief to enjoin Defendant from withholding from disclosure certain records within its possession and control and to order Defendant to release those records that were duly requested by The Cincinnati Enquirer and wrongfully withheld by Defendant.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1361, and/or 5 U.S.C. § 552(a)(4)(B).  The agency records sought by The Cincinnati Enquirer are in the possession of the U.S. Attorney for the Southern District of Ohio, and therefore, this Court has jurisdiction over The Cincinnati Enquirer's Complaint to obtain those records.

3. Venue is appropriate in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1391 and 5 U.S.C. § 552(a)(4)(B). A substantial part of the events giving rise to this claim occurred in the United States District Court for the Southern District of Ohio and the requested records currently reside in the possession of the U.S. Attorney for the Southern District of Ohio, and therefore venue in this Court is proper.

## THE PARTIES

4. Plaintiff is a Delaware corporation with its principal place of business in Mclean, Virginia. It publishes The Cincinnati Enquirer, a daily newspaper that circulates in the Cincinnati metropolitan area, which includes five counties in southwestern Ohio, three counties in southeastern Indiana, and seven counties in northern Kentucky.

5. Defendant DOJ is an agency of the federal government subject to the requirements of the Freedom of Information Act ("FOIA").

## CHRONOLOGY AND GENERAL BACKGROUND
## MS. DENNARD'S TIME ON CITY COUNCIL

6. Tamaya Dennard was elected to the Cincinnati City Council during the November 7, 2017, election.

7. In August 2019, Ms. Dennard contacted a person she knew who had business before the Cincinnati City Council and sought money in exchange for her support.

8. On September 9, 2019, Ms. Dennard received $10,000 in exchange for promising to provide and providing favorable official action for this unnamed person.

9. About two weeks later, Ms. Dennard received an additional $5,000 from the same unnamed person.

10. On February 25, 2020, Ms. Dennard was arrested and charged with wire fraud, bribery, and attempted extortion.

11. On June 29, 2020, Ms. Dennard entered a guilty plea on a charge of wire fraud in federal court.

12. Ms. Dennard was sentenced to 18 months in prison for the charge of wire fraud. The bribery and attempted extortion charges were dropped.

**MS. DENNARD'S PHONE**

13. On information and belief, Ms. Dennard communicated via text messaging with developers and prominent businesspeople in the Greater Cincinnati Area.

14. On information and belief, these communications included text messages containing requests from Ms. Dennard to the recipients seeking anything of value in exchange for her support.

15. On information and belief, Ms. Dennard's phone was confiscated by the City of Cincinnati following her arrest.

16. On information and belief, the City of Cincinnati provided Ms. Dennard's phone to federal authorities.

## OTHER COUNCIL MEMBERS INDICTED FOR CORRUPTION

17. Jeff Pastor was elected to the Cincinnati City Council during the November 7, 2017, election.

18. On November 10, 2020, Mr. Pastor was arrested on federal bribery charges.

19. Mr. Pastor was charged with 10 counts, including wire fraud, bribery, attempted extortion by a government official, and money laundering.

20. Mr. Pastor was suspended from the Cincinnati City Council on November 23, 2020.

21. Between June 2018 and January 2019, Mr. Pastor accepted and agreed to accept things of value in exchange for favorable official action by Mr. Pastor relating to two development projects in Cincinnati.

22. On June 7, 2023, Mr. Pastor pled guilty to honest services wire fraud.

23. Alexander "P.G." Sittenfeld served on the Cincinnati City Council from 2011 to 2022.

24. In November 2020, Mr. Sittenfeld was indicted for bribery and attempted extortion by a government official.

25. In October 2023, following his conviction, Mr. Sittenfeld was sentenced to 16 months in prison for bribery concerning programs receiving federal funds and attempted extortion under color of official right.

26. Mr. Sittenfeld accepted $20,000 in bribe payments to his political action committee from undercover FBI agents posing as corrupt businessmen working with a real estate developer.

27. Mr. Sittenfeld knowingly received $20,000 in bribe payments in return for guaranteeing votes for a development project.

**COMMUNICATIONS WITH DEVELOPERS ARE MATTERS OF GREAT PUBLIC IMPORTANCE**

28. On information and belief, at least three former Cincinnati City Council members – Ms. Dennard, Mr. Pastor, and Mr. Sittenfeld – communicated with developers seeking support of their real estate developments in exchange for something of value.

29. The developers with whom Ms. Dennard, Mr. Pastor, and Mr. Sittenfeld communicated benefitted from and continue to benefit from taxpayer dollars.

30. Because taxpayers fund the Cincinnati City Council and projects throughout the city, it is of public importance to determine to what extent corruption affected the Cincinnati City Council votes relating to local real estate development.

31. The public has a significant interest in gaining a better understanding of the government's decision not to pursue criminal charges against the developers implicated in this public corruption scandal.

**FOIA REQUEST AND DENIALS**

32. By letter dated February 17, 2021, Sharon Coolidge, in her capacity as a reporter for The Cincinnati Enquirer, submitted a FOIA request for documents regarding

communications between Ms. Dennard and developers that involve Ms. Dennard's request for anything of value. A true and accurate copy of the Request is attached hereto as Exhibit A.

33. By letter dated August 9, 2023, Kevin Krebs, Assistant Director for the Executive Office for United States Attorneys, acknowledged receipt of The Cincinnati Enquirer's FOIA Request and issued a categorical denial based on 5 U.S.C. §§ 552(b)(6) & (b)(7)(C). A true and accurate copy of the denial is attached hereto as Exhibit B.

34. The Cincinnati Enquirer timely appealed the denial of the FOIA Request. A true and accurate copy of The Cincinnati Enquirer's appeal is attached hereto as Exhibit C.

35. The DOJ's Office of Information Policy reviewed The Cincinnati Enquirer's appeal and affirmed the denial of the FOIA Request. A true and accurate copy of the DOJ's affirmation of the denial is attached hereto as Exhibit D.

36. The text messages Ms. Coolidge requested were sent by public officials concerning city business and constitute public records under Ohio law. Sinclair Media III v. City of Cincinnati, Ct. of Cl. No. 2018-01357PQ, 2019-Ohio-2624, ¶ 5.

37. The text messages cannot be obtained from an Ohio agency because they in the possession of the U.S. Attorney for the Southern District of Ohio.

38. There is no expectation of personal privacy in public records.

39. The names of the individuals to whom the text messages were sent are already known, and the requests do not seek personal addresses or criminal history.

6

40. The text messages are evidence that a public official may have utilized their position to solicit bribes or favors from prominent constituents.

41. The public interest in obtaining the contents of the text messages heavily outweighs any privacy interest.

42. As of the date of the filing of this Complaint, the DOJ has failed to produce a single record that is responsive to The Cincinnati Enquirer's FOIA Request.

43. The DOJ has possession and control of records responsive to The Cincinnati Enquirer's FOIA Request, which are not exempt from disclosure under either FOIA or the Privacy Act, yet the DOJ has failed and refused to produce them.

44. The Cincinnati Enquirer has exhausted all administrative remedies with respect to its FOIA Request. The FOIA Request was made on February 17, 2021, and denied on August 9, 2023. The Cincinnati Enquirer timely appealed the denial, and received notice from the DOJ that its appeal would not be granted. Therefore, pursuant to 5 U.S.C. § 522(a)(6)(C)(i), The Cincinnati Enquirer has exhausted its administrative remedies.

45. The Cincinnati Enquirer is entitled to an award of reasonable attorneys' fees and other litigation costs under 5 U.S.C. § 522(a)(4)(E).

## COUNT 1 - VIOLATION OF FOIA (5 U.S.C. § 552)

46. The Cincinnati Enquirer incorporates herein each of the preceding paragraphs.

47. The DOJ possesses non-exempt records that are responsive to The Cincinnati Enquirer's FOIA Request.

48. Defendant's refusal to comply with the FOIA Request violates its duties under FOIA.

49. Pursuant to 5 U.S.C. § 552, The Cincinnati Enquirer is entitled to the records requested, and due to the great public interest, Defendant has no valid legal basis for its refusal to provide such records to The Cincinnati Enquirer.

50. Defendant has wrongfully withheld the requested records from The Cincinnati Enquirer.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff The Cincinnati Enquirer prays that this Court:

1. Enjoin Defendant from continuing to withhold non-exempt records responsive to The Cincinnati Enquirer's FOIA Request;

2. Order Defendant to complete its search for all records responsive to The Cincinnati Enquirer's FOIA Request;

3. Order Defendant to produce all non-exempt records responsive to The Cincinnati Enquirer's FOIA Request, and to produce a *Vaughn* index of any responsive records withheld under a claim of exemption;

4. Award The Cincinnati Enquirer its reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

5. Grant The Cincinnati Enquirer such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John C. Greiner
John C. Greiner (0005551)
Darren W. Ford (0086449)
FARUKI PLL
201 East Fifth Street, Suite 1420
Cincinnati, OH  45202
Telephone:  (513) 632-0315
Fax:  (513) 632-0319
Email: jgreiner@ficlaw.com
      dford@ficlaw.com

Attorneys for Plaintiff The Cincinnati Enquirer

4888-5052-6084.1